**The document below is hereby signed.**

**Dated: February 6, 2012.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
BRYAN W. TALBOTT,                    )    Case No. 11-00450
                                     )    (Chapter 7)
            Debtor.                  )
_____    )
                                     )
SANFORD CAPITAL, LLC,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    Adversary Proceeding No.
                                     )    11-10047
BRYAN W. TALBOTT,                    )
                                     )    **Not for Publication in**
            Defendant.               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION RE MOTION FOR DEFAULT JUDGMENT

The plaintiff, Sanford Capital, LLC filed a _Motion for
Default Judgment_ requesting the court to enter judgment by
default against the defendant, Bryan W. Talbott, determining that
the judgment obtained by Sanford Capital in the Superior Court
for the District of Columbia against Talbott is nondischargeable
pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).
The defendant failed to file a timely answer, and has not filed a
motion for leave to file an answer or a motion to set aside the

entry of default.  For the reasons that follow, I will grant the
motion.

In a filing entitled *Notice of Preclusive Effect of Res
Judicata in Related Criminal Proceeding*, the defendant's counsel
objects that the plaintiff's dischargeability complaint is
untimely under Fed. R. Bankr. Proc. 4007(c).  However, Rule 4007
is not jurisdictional and can be waived.  *Kontrick v. Ryan*, 540
U.S. 443, 124 S.Ct. 906 (2004).  The defendant did not file a
timely answer raising an untimeliness objection.  Therefore, the
defendant has waived his defense under Rule 4007(c).[1]

The facts set forth in the complaint are deemed admitted,
and they are sufficient to establish, at a minimum,
nondischargeability under 11 U.S.C. § 523(a)(4), for a debt
arising from embezzlement or larceny, and under 11 U.S.C.
§ 523(a)(6), for a debt arising from willful and malicious injury
by the debtor to the property of another entity.

Accordingly, the motion for default judgment will be
granted.  A separate order follows.

[Signed and dated above.]

Copies to: Defendant; All counsel of record; Office of United
States Trustee.

---

[1]  Even if the defendant were allowed to file an answer out
of time and to raise a Rule 4007 defense, the plaintiff's reply
to the *Notice* suggests that the complaint could be amended to
allege nondischargeability under 11 U.S.C. § 523(a)(3).

2